KEKER, VAN NEST & PETERS LLP
R. JAMES SLAUGHTER - # 192813
rslaughter@keker.com
R. ADAM LAURIDSEN - # 243780
alauridsen@keker.com
DAVID J. ROSEN - # 296139
drosen@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Defendant
ELECTRONIC ARTS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KEVIN RAMIREZ, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELECTRONIC ARTS INC.,<br><br>Defendant. | Case No. 5:20- cv-05672<br><br>**DEFENDANT ELECTRONIC ARTS INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:        February 25, 2021<br>Time:       9:00 a.m.<br>Dept.:       Courtroom 3 – 5th Floor<br>Judge:      Hon. Beth Labson Freeman<br><br>Date Filed: August 13, 2020<br><br>Trial Date:  Not Yet Assigned |

**REQUEST FOR JUDICIAL NOTICE**

In connection with its concurrently-filed Motion to Dismiss, Defendant Electronic Arts Inc. ("EA") respectfully requests that this Court take judicial notice of the following materials and facts pursuant to Federal Rule of Evidence 201:

1. The video games *FIFA 21* and *Madden NFL 2021*, copies of which are attached to the Declaration of David J. Rosen In Support Of Electronic Arts Inc.'s Request for Judicial Notice ("Rosen Declaration") as Exhibits A and B; and the Microsoft Xbox console on which those games are played, which is attached to the Rosen Declaration as Exhibit C.

2. The terms of the July 18, 2019 Electronic Arts User Agreement, which is publicly accessible at https://tos.ea.com/legalapp/WEBTERMS/US/en/PC/07182019.  A copy of the Agreement is attached to the Rosen Declaration as Exhibit D.

**I.  THE COURT SHOULD TAKE JUDICIAL NOTICE OF VIDEO GAMES *FIFA 21* AND *MADDEN NFL 2021*, AND THE CONSOLE ON WHICH THOSE GAMES ARE PLAYED.**

Federal Rule of Evidence 201(b) authorizes this Court to take judicial notice of any fact that is "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  In ruling on a Rule 12(b)(6) motion, a court may consider materials referred to in the complaint, even if the plaintiff neglects to attach them.  *See In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (stating that a district court ruling on a motion to dismiss may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading") (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)).

Such materials may be introduced through a request for judicial notice pursuant to Federal Rule of Evidence 201.  For example, in *Capcom Co., et. al. v. MKR Group, Inc.*, a court in this District took judicial notice of the video game "Dead Rising," which formed the basis of plaintiff's Lanham Act claim and was referred to extensively in the complaint.  No. C. 08-0904 RS, 2008 WL 4661479, at *3 (N.D. Cal. Oct. 20, 2008).  The court explained that "[w]hile

generally a court cannot consider material outside of the complaint when deciding a motion to dismiss under Rule 12(b)(6), a court may consider … those documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Id.* (internal citations and quotations omitted).  Similarly, courts in this District have taken judicial notice of entire films in cases where the plaintiff refers to certain content in the film but does not attach the film to the complaint.  *See, e.g., Campbell v. Walt Disney Co.*, 718 F.Supp.2d 1108, 1111 n.3 (N.D. Cal. 2010) (granting defendant's request for judicial notice because "Plaintiff refers to the contents of the motion picture 'Cars' and the text of 'The Challenge' in the Complaint but does not attach either as an exhibit"); *Thomas v. Walt Disney Co.*, No. C-07-4392 CW, 2008 WL 425647, at *2 and n.1 (N.D. Cal. Feb. 14, 2008), *aff'd* 2009 WL 2011388 (9th Cir. 2009) (taking judicial notice of the motion picture *Finding Nemo* based upon reference to the movie's contents in plaintiff's complaint).

Here, Plaintiff alleges that he plays the games *FIFA* and *Madden NFL* on a Microsoft Xbox console.  Compl. ¶ 16.  The features and operation of the games are repeatedly referred to in Plaintiff's complaint and are central to his claims.  The Court, therefore, should take judicial notice of the attached games and Xbox console, and may consider the games' content in deciding the motion now before it.

II.   **THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE JULY 18, 2019 ELECTRONIC ARTS USER AGREEMENT**

A court may take judicial notice of a user agreement where the complaint's allegations concern a transaction that is subject to the terms of the agreement.  *See Opperman v. Path Inc.*, 87 F. Supp. 3d 1018, 1065 n.24 (N.D. Cal. 2014) (taking judicial notice of Facebook's Release and Waiver Agreement "[b]ecause the [complaint] depends on the transaction at issue").  Furthermore, a court may take judicial notice of relevant terms of service that are available on a web site.  *See WhatsApp Inc. v. NSO Group Technologies Limited*, 2020 WL 4016812, at *12 n.4. (N.D. Cal. July 16, 2020) (granting request for judicial notice of "QuadraNet's terms of service as it appeared on its website on January 29, 2019").

Here, Plaintiff alleges that he purchased items when playing the EA game *FIFA* "in

approximately June 2020," Compl. ¶ 16, and he further alleges the existence of a market for "EA Ultimate Team accounts, items and coins to be bought and sold outside of the game itself," *id.* ¶ 98. The Court should accordingly take judicial notice of the terms of the agreement that governed those alleged transactions—the July 18, 2019 Electronic Arts User Agreement, which is available on EA's web site at https://tos.ea.com/legalapp/WEBTERMS/US/en/PC/07182019.

### III.   CONCLUSION

For these reasons, EA respectfully requests that the Court take judicial notice of the materials discussed above.

Dated:  October 30, 2020                                KEKER, VAN NEST & PETERS LLP

                                                   By:   */s/ R. James Slaughter*
                                                        R. JAMES SLAUGHTER
                                                        R. ADAM LAURIDSEN
                                                        DAVID J. ROSEN
                                                        TAYLOR REEVES

                                                        Attorneys for Defendant
                                                        ELECTRONIC ARTS INC.